James DOVENBERG, Plaintiff–Appellant,

v.

UNITED STATES of America, by and through the UNITED STATES FOREST SERVICE; United States Forest Service; State of Oregon, by and through the Oregon Department of Forestry; Oregon Department of Forestry, Defendants–Appellees.

No. 10–35007.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2010.

Filed Dec. 22, 2010.

Reginald Perry, Portland, OR, Adriane Parsons, Munger Chadwick, P.L.C., Tucson, AZ, for Plaintiff-Appellant.

Kevin C. Danielson, Esquire, Office of the U.S. Attorney, Portland, OR, for United States of America, United States Forest Service.

---

* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Denise Gale Fjordbeck, Assistant Attorney General, AGOR—Office of the Oregon Attorney General, Salem, OR, for State of Oregon, Oregon Department of Forestry.

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and EZRA, District Judge.*

MEMORANDUM **

James Dovenberg appeals from the district court's dismissal of his suit against the United States and the United States Forest Service ("Forest Service") for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). As the facts are known to the parties, we repeat them here only as necessary to explain our decision.

Dovenberg's complaint challenges broadly the government's allegedly negligent training, supervision, and instruction of Forest Service personnel working on Dovenberg's land while fighting and remediating damage from the 14,000–acre Shake Table Complex wildfire in 2006. Decisions regarding the training and supervision of government employees "fall squarely within the discretionary function exception" to the Federal Tort Claims Act, *Nurse v. United States,* 226 F.3d 996, 1001 (9th Cir.2000), as does the Forest Service's choice of how to fight a wildfire, *see Miller v. United States,* 163 F.3d 591, 595–96 (9th Cir.1998). Dovenberg's claims against the

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

government are therefore barred. *See* 28 U.S.C. § 2680(a).

The district court's grant of the government's motion to dismiss is

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided